**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-794C

(Filed: January 20, 2015)

**FILED**
**JAN 20 2015**
**U.S. COURT OF FEDERAL CLAIMS**

*************************************
                                       *
RHONDA TURPIN,                  *
                                       *
                Plaintiff,         *   Crime Victims' Rights Act; Lack
                                       *   of Subject Matter Jurisdiction;
v.                                     *   Money-Mandating Source; Pardon
                                     *   or Certificate of Innocence
THE UNITED STATES,        *   Required to Hear Claims of Unjust
                                     *   Imprisonment.
                Defendant.      *
                                     *
*************************************

*Rhonda Turpin*, Danbury, Connecticut, *pro se* Plaintiff.

*David M. Kerr*, Trial Attorney, with whom were *Joyce R. Branda*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and, *Allison Kidd-Miller*, Assistant Director, Commercial Litigation Branch, U.S. Department of Justice, Washington, D.C., for Defendant.

<u>OPINION AND ORDER</u>

WHEELER, Judge.

    This case stems from Plaintiff Rhonda Turpin's prior convictions and sentences in the United States District Court for the Northern District of Ohio. On August 29, 2014, Ms. Turpin filed a complaint in this Court, seeking $74,000 as a crime victim under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and injunctive relief against the District Court in Ohio. Pl.'s Compl. at 9, Dkt. No. 1. Specifically, Ms. Turpin requested this Court to remand her case to the Northern District of Ohio and to have it transferred to a new judge and district attorney. <u>Id.</u> at 11. On October 30, 2014, the Government filed a motion to dismiss Ms. Turpin's complaint for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss, Dkt. No. 6 ("Def.'s Mot."). For the reasons set forth below, the Government's motion is GRANTED.

Factual Background

On February 12, 2004, Ms. Turpin pled guilty to two counts of theft of Government funds in violation of 18 U.S.C. § 641. Pl.'s Compl. ¶ 1; United States v. Turpin, No. 04-4177, 2005 WL 3275429, at *1 (6th Cir. Dec. 5, 2005). Prior to her sentencing, Ms. Turpin filed a motion to withdraw her guilty plea, but the District Court denied her motion, and she was sentenced to 27 months imprisonment in Alderson, West Virginia. Turpin, 2005 WL 3275429, at *1-2.

While she was serving her 27-month sentence in West Virginia, Ms. Turpin was indicted in the Northern District of Ohio on 61 counts of conspiracy, forgery, identity theft, fraud, and counterfeiting charges. Pl.'s Compl. ¶ 2; Def.'s Mot. at 2. Following a bench trial, Ms. Turpin was sentenced to 188 months imprisonment. Turpin v. United States, No. 13-0083, 2013 WL 1284246, at *1 (N.D. Ohio Mar. 25, 2013). Subsequently, after an appeal and remand, the Ohio court reduced her sentence by eight months. Pl.'s Compl. ¶ 14. As of the date of her complaint, Ms. Turpin has served a total of ten years in prison. Id. ¶ 18.

Ms. Turpin now challenges her convictions and sentences in the Northern District of Ohio in this Court on a number of grounds. According to the complaint, Ms. Turpin claims certain exculpatory evidence was withheld from the grand jury who issued the indictment for the forgery, identity theft, fraud, and counterfeiting charges. Id. ¶¶ 5-6. She also alleges a co-defendant, Ms. Kathy Davie, "stole [her] identity, fraudulently used her checking account, stole her car, got fake tag[s], and had her driver['s] license." Id. ¶ 7. She further asserts that Judge Adams made many errors when presiding over her case, such as refusing to follow the sentencing guidelines to calculate her sentence, appointing his friend to represent her in court, and denying her a direct appeal. See id. ¶¶ 10-16.[1]

On August 29, 2014, Ms. Turpin filed a complaint in this Court seeking injunctive relief against the District Court in Ohio and damages under the CVRA as a crime victim. Id. at 9. On October 30, 2014, the Government filed a motion to dismiss Ms. Turpin's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Def.'s Mot. at 1.

---

[1] Ms. Turpin has filed many other motions, petitions, and appeals in other courts that also challenged her convictions and sentences. On May 5, 2011, Ms. Turpin filed a petition for a writ of mandamus with the 6th Circuit that was denied. See Def.'s Mot. at 2. Similarly, on May 30, 2012, she filed a petition with the Northern District of Ohio to have the court vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Turpin v. United States, No. 12-1358, 2013 WL 3336397, at *1-2 (N.D. Ohio June 25, 2013) (claim dismissed because the statute of limitations had run).

Discussion

I.   Standard of Review

"In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true the complaint's undisputed factual allegations and construes the facts in the light most favorable to the plaintiff." All Fla. Network Corp. v. United States, 82 Fed. Cl. 468, 472 (2008). "The party asserting jurisdiction bears the burden of proof by a preponderance of the evidence." Id. Before a court can proceed to hear the merits of a case, jurisdiction must be established. Nasharr v. United States, 105 Fed. Cl. 115, 117 (2012). "Courts are presumed to lack subject matter jurisdiction unless it is affirmatively indicated by the record." Id. Even a *pro se* plaintiff must affirmatively plead the Court's jurisdiction. Any jurisdictional failures are not excused. See, e.g., Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (noting that while courts should grant leniencies with respect to "mere formalities," a court cannot "similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only"); Nasharr, 105 Fed. Cl. at 117 (explaining "the filings of *pro se* plaintiffs receive less leniency vis-à-vis jurisdictional requirements").

II.   Subject Matter Jurisdiction

Under the Tucker Act, this Court is conferred with jurisdiction over "claims for money damages against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Tucker Act "does not create a substantive cause of action." Fisher, 402 F.3d at 1172. Instead, a "plaintiff must identify a separate source of substantive law that creates the right to money damages." Id. This requirement means that the source of law must be money-mandating. See United States v. Mitchell, 463 U.S. 206, 219 (1983) (a statute or regulation is money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of duties [it] impose[s]."). If the source is not money-mandating, the case must be dismissed. See Fisher, 402 F.3d at 1172.

A.   Claims for Injunctive Relief

There are at least three relevant considerations in determining whether the Court has jurisdiction over Ms. Turpin's claims for injunctive relief. First, it is well established that the Fifth Amendment Due Process Clause and the Sixth Amendment are not money-

3

mandating sources that provide the Court with jurisdiction over a complainant's claims. See, e.g., Collins v. United States, 67 F.3d 284, 288 (Fed. Cir. 1995) (asserting that "the [D]ue [P]rocess [C]lause does not obligate the government to pay money damages"); Gable v. United States, 106 Fed. Cl. 294, 298 (2012) (stating the Court did not have jurisdiction to adjudicate the Plaintiff's claim that the Government violated his Sixth Amendment rights); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) ("neither the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this [C]ourt because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."). Second, the Court cannot review the decisions of the federal district courts. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). Third, although the Court has limited incidental equitable powers, any claim for injunctive relief must be an "incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2); James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998). Thus, this Court may only use its incidental equitable powers "to aid in rendering [a] money judgment, such as in cases where an audit or some other procedure is necessary to arrive at a money judgment." Legal Aid Soc'y v. United States, 92 Fed. Cl. 285, 301 (2010) (internal quotations omitted).

To the extent that Ms. Turpin's complaint brings constitutional challenges under the Due Process Clause and the Sixth Amendment, the Court cannot hear such claims because neither of these constitutional provisions is a money-mandating source. See Collins, 67 F.3d at 288; see also Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010) ("The . . . Federal Circuit has held expressly that the Court . . . does not have jurisdiction over claims arising under the Sixth Amendment, the Fifth Amendment Due Process Clause, or the Fifth and Fourteenth Amendment Equal Protection Clauses because they do not mandate the payment of money."). Although Ms. Turpin does not cite directly to a constitutional provision in her complaint, she asserts various constitutional infirmities in her prior District Court proceedings, such as the alleged withholding of exculpatory evidence and Judge Adams's sentence. The withholding of exculpatory evidence is a due process challenge, see Illinois v. Fisher, 540 U.S. 544, 547 (2004) (stating "a due process violation occurs whenever [exculpatory] evidence is withheld"), and a plaintiff's challenge that a sentence is unreasonable because it is not within the sentencing guidelines is usually brought under the Sixth Amendment, see, e.g., United States v. Ford, 761 F.3d 641, 660 (6th Cir. 2014). Accordingly, the Due Process Clause and the Sixth Amendment do not give this Court jurisdiction over Ms. Turpin's claims for injunctive relief.

Even if the Due Process Clause or the Sixth Amendment were a money-mandating source, this Court would still be unable to entertain Ms. Turpin's complaint for injunctive relief. This Court cannot review the decisions of the Northern District of Ohio. See

4

Joshua, 17 F.3d at 380.  Further, the type of injunctive relief that Ms. Turpin seeks is not an "incident of and collateral to" a money judgment.  The only possible source that could entitle Ms. Turpin to money damages is the CVRA.  However, the CVRA does not authorize a cause of action for damages against the United States, see Dobyns v. United States, 91 Fed. Cl. 412, 417 (2010), and there is nothing in the CVRA which requires the Court to remand the case and transfer it to a new judge in order to assess damages, see Legal Aid, 92 Fed. Cl. at 301.  Ms. Turpin's claims for injunctive relief must be dismissed.

      B.    Crime Victims' Rights Act

In addition to the injunctive relief that Ms. Turpin seeks, she asserts that the Government owes her $74,000 as a crime victim under the CVRA.  Pl.'s Compl. at 9.  As stated above, however, the CVRA does not authorize a cause of action for damages against the United States.  Dobyns, 91 Fed. Cl. at 417 (holding that violations of the CVRA do not give rise to jurisdiction in the Court).  The CVRA also expressly provides that it does not authorize a cause of action for damages against the United States or its officers.  18 U.S.C. § 3771(d)(6) ("Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages.").  While there are some circumstances under which this Court has jurisdiction to entertain suits seeking damages for an unjust conviction and imprisonment, the only evidence the Court can consider in those cases is a pardon or certificate of innocence granted by the court of conviction.  28 U.S.C. §§ 1495, 2513(b); see also Sykes v. United States, 105 Fed. Cl. 231, 233 (2012).

The statute and precedent in this Court make it clear that the CVRA is not money-mandating for purposes of Tucker Act jurisdiction.  By reading the plain language of the statute, it is evident that Congress did not intend for the CVRA to give the Court jurisdiction.  See 18 U.S.C. § 3771(d)(6); see also Duncan v. United States, No. 11-5066, 2011 WL 5519585, at *2 (Fed. Cir. Nov. 14, 2011) (holding the plain language of the CVRA makes it clear that the Court does not have jurisdiction).  The CVRA only provides for procedural remedies such as providing the right to "any motion asserting a victim's right forthwith" and a petition for a writ of mandamus should that motion be denied.  18 U.S.C. § 3771(d)(3).  These procedural remedies do not contemplate any damages for breach of a crime victim's rights.  Although the CVRA does provide for a right of restitution, that right can only be asserted against someone who is convicted of a crime.  § 3663 ("The court, when sentencing a defendant convicted of an offense . . . may order . . . that the defendant make restitution to any victim of such offense"); see also §§

3771(a)(6), (d)(1)-(3).  It does not give a crime victim a claim for restitution against the United States or its officers.

Finally, Ms. Turpin does not present any evidence that a pardon or certificate of innocence exists which would give the court jurisdiction under 28 U.S.C. § 1495.  See Sykes, 105 Fed. Cl. at 233.  Although Ms. Turpin cites section 1495 on page four of her response to the Government's motion to dismiss, Dkt. No. 7, she does not attach any such document to her complaint.  Accordingly, Ms. Turpin's complaint must be dismissed for lack of subject matter jurisdiction.  See Fisher, 402 F.3d at 1172.

## Conclusion

For the foregoing reasons, the Government's motion to dismiss is GRANTED.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge